STATE *vs.* JAMES C. HARRINGTON.

MAY 23, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Condon, C. J. This is an indictment for rape which was tried to a jury in the superior court and resulted in a verdict of guilty. The case is here on the defendant's bill of exceptions to evidentiary rulings of the trial justice.

At the conclusion of the evidence before them at the trial the only question for the jury to determine was whether the complaining witness had been sexually assaulted by defendant or had consented to intercourse with him. On this question the testimony of the complaining witness was completely contrary to that of defendant. The jury resolved this conflict against him. Apparently they deemed him utterly unworthy of belief and discredited his testimony completely. Since he did not challenge their verdict by filing a motion for a new trial before prosecuting the instant bill of exceptions he cannot now question their evaluation of the evidence or the credibility of the witnesses. The only question raised by such exceptions for our determination is whether the rulings excepted to were erroneous and so prejudicial as to deprive him of a fair and impartial trial.

There are ninety-eight exceptions in the bill but only fifty-seven have been briefed, the others having been expressly waived. From our examination of the transcript we are of the opinion that many, if not most, of such exceptions are so obviously lacking in merit as not to warrant discussion. Therefore any exception not hereinafter specifically discussed may be considered as overruled.

Under point I of his brief defendant has grouped seventeen exceptions to rulings sustaining the state's objection to certain questions addressed to its witnesses in cross-examination. These questions in general concerned a de-

scription of the complaining witness' apartment. The purpose of these questions according to defendant was to show that a period of time had not been accounted for in the testimony of the state's witnesses between the time the complaining witness returned to her apartment after the alleged assault and the time the police arrived in response to her complaint. The defendant contends that these rulings denied him the right to contradict these witnesses on the matters of the direct inquiry regardless of their relevancy. In support of his contention he cites *Vingi* v. *Trillo*, 77 R. I. 55.

From our examination of the transcript we do not think that the line of inquiry in direct examination was prejudicial to defendant. The rule enunciated in *Vingi* is predicated upon the prior admission of such prejudicial testimony. Only in such a case is it proper to ignore the irrelevancy of the matter inquired into in order to afford an opportunity for the cross-examiner to contradict the witness. In the instances complained of here we are satisfied that the rulings did not constitute prejudicial error. The exceptions relied on are therefore overruled.

Under point II defendant has briefed exceptions to three rulings on the ground that certain answers of the state's witnesses were not responsive to the questions propounded to them. The defendant takes nothing by those exceptions since the irresponsive part of the testimony was not of such consequence as to constitute reversible error. The exceptions are overruled.

Exception 18 which defendant has briefed under point V relates to the trial justice's ruling sustaining the state's objection to the following question propounded in cross-examination of the state's witness Gordon C. Allen, director of off-campus housing of the Rhode Island School of Design: "Can you tell by looking at your record where Mr. Frank Olney is a student of Rhode Island School of Design?" The state had presented Mr. Allen to testify that

the apartment house where the complaining witness lived was a house accredited by the school for students living off campus. The state objected to the question on the ground of immateriality. Before ruling, the trial justice asked of counsel the purpose of the question and counsel replied: "I am trying to show an accredited rooming house they allowed also male and female students to reside in the same building." The defendant contends here that this inquiry bears upon the reputation of the complaining witness for chastity and indirectly upon the issue of her consent to intercourse with him. Of course it does no such thing. And *State* v. *Fitzsimon,* 18 R. I. 236, which he cites in support of his contention is not at all in point in the circumstances here. The trial justice did not err in excluding the question. Exception 18 is overruled.

Under point VI are grouped exceptions 30, 36 and 37 to the overruling of defendant's objections to certain questions addressed to the state's witness Anthony H. Thompson concerning statements made to him by the complaining witness upon her return to her apartment and before telephoning her complaint to the police, and also her statements to the police officer when he arrived at the apartment. The defendant contends that the trial justice erred in overruling his objections because the questions were designed to elicit testimony in violation of the rule against hearsay evidence. The trial justice ruled that the testimony was part of the res gestae and therefore an exception to the hearsay rule. The statements were made as part of her complaint to the police and in the circumstances of her distraught condition after the assault upon her we are of the opinion that they were sufficiently close thereto in time as to be a part thereof consistently with the rule as stated in *Kane* v. *Burrillville Racing Ass'n,* 73 R. I. 264, at page 268. These exceptions are therefore overruled.

Under point X defendant seeks to show that certain questions addressed to him concerning his state of mind after

the police had obtained a written confession from him were erroneously excluded because they prevented him from showing that the confession was the result of force and coercion. He had already been permitted to testify that he did not sign the confession of his own free will and that he was coerced into signing it. Then followed the excluded questions: "You think if no threats were made you would have signed it?" "Around Thursday afternoon what was your feeling about the entire matter?" "Did you at any time think of taking your life?" The defendant relies on *State* v. *Crough,* 89 R. I. 338, 152 A.2d 644; to show that the trial justice erred in excluding these questions. We do not think the questions as framed were designed to prove coercion. The first merely called for a conclusion and the others the state of his feelings after he had signed the confession. Nothing in *State* v. *Crough, supra,* supports the view that it was error to exclude such testimony. The wide latitude to which he was entitled under the rule enunciated therein to explore the circumstances surrounding the obtaining of a confession by the police was not restricted by excluding testimony of this nature. The exceptions under point X are therefore overruled.

Under point XIII defendant has briefed four exceptions to remarks of the trial justice in the presence of the jury which defendant claims expressed personal bias against his counsel. In substance he contends that these remarks because of their adverse reflection upon his counsel's conduct prejudiced the jury against him and deprived him of a fair and impartial trial. The defendant takes nothing by these exceptions. The governing rule in a question of this kind has been stated in *State* v. *Deslovers,* 40 R. I. 89, and we adhere to it, but in our opinion the circumstances here do not call for its application. In the first instance the trial justice merely admonished counsel not to interrupt the state's examination of a witness after the trial justice had ruled. The defendant's counsel complained that he had not

been given an opportunity to be heard. This is not a right but a privilege which the trial justice may extend in his discretion. When once he has ruled, the only right objecting counsel has thereafter is an exception to such ruling. *State* v. *Hathaway*, 52 R. I. 492.

Later, however, the trial justice undertook to reprove counsel at some length for unbecoming conduct during the trial. In the presence of the jury he stated: "For the record I will say your attitude towards the Court for the last several hours yesterday has been a little bit contemptuous for the reason you have been holding yourself looking towards the audience as though you are looking for approval of whatever you do." In our opinion this was scarcely more than a mild reproof of counsel for what the trial justice apparently deemed a studied lack of decorum on counsel's part. We are not persuaded that such reproof in any way prejudiced the jury against defendant.

Of course the court has the undoubted right to correct counsel's conduct in the courtroom whenever the circumstances convince him that such correction is necessary to prevent indecorum from degenerating into disorder. *Laporte* v. *Cook*, 22 R. I. 554. In that case this court said at page 556: "It is incumbent upon the court to maintain order and regularity in the proceedings before it; to restrain and check the excessive zeal or impetuosity of counsel; to preserve decorum and inculcate respect for the law and the courts. It is within the province of the court to admonish and rebuke, as the occasion may require; and the degree of severity of the reprimand must be left to its discretion, so long as the same does not prevent a party from having a fair trial of his case."

Consistently with this view we have also pointed out that there is a duty incumbent upon the trial justice to maintain a judicial poise even under provocation and to rule with firmness but without rancor or subjecting counsel to ridicule. *Schafer* v. *Thurston Mfg. Co.*, 48 R. I. 244. The re-

42

buke of counsel which we disapproved therein does not remotely resemble the mild reproof which the trial justice administered in the case at bar. The defendant's exceptions under point XIII are therefore overruled.

After carefully examining those portions of the transcript where the defendant made many other objections to the admission or exclusion of evidence and took exceptions to the adverse rulings of the trial justice we have found no prejudicial error was committed. On the contrary, from such examination we became convinced that the defendant had received a fair and impartial trial with full opportunity to present his defense to the charge brought against him.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent*, Attorney General, *William J. Counihan, Jr.*, Assistant Attorney General, *Corinne P. Grande*, Special Counsel, for State.

*Leo P. McGowan*, Public Defender, *John A. Varone, Robert S. Hazlett, Bruce Selya*, for defendant.